## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUSAN FINGER, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR VIOLATIONS** |
| | ) | **OF THE FEDERAL SECURITIES** |
| EVERBRIDGE, INC., DAVID HENSHALL, | ) | **LAWS** |
| DAVID BENJAMIN, RICHARD D'AMORE, | ) | |
| ALISON DEAN, ROHIT GHAI, KENT | ) | JURY TRIAL DEMANDED |
| MATHY, SIMON PARIS, SHARON | ) | |
| ROWLANDS, and DAVID WAGNER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Susan Finger ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE AND SUMMARY OF THE ACTION

1.      This is a stockholder action brought by Plaintiff against Everbridge, Inc. ("Everbridge" or the "Company") and the members of Everbridge's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell the Company to affiliates of Thoma Bravo, L.P. ("Thoma Bravo") (the "Proposed Transaction").

2.      On February 4, 2024, Everbridge entered into an Agreement and Plan of Merger with Project Emerson Parent, LLC ("Parent") and Parent's wholly owned subsidiary, Project Emerson Merger Sub, Inc. ("Merger Sub") (as amended on February 29, 2024, the "Merger

Agreement"). Parent and Merger Sub are affiliates of Thoma Bravo. Pursuant to the terms of the Merger Agreement, Everbridge shareholders will receive $35.00 in cash per share of Everbridge common stock.

3. On March 21, 2024, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Everbridge stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information, including with respect to: (i) Everbridge's financial projections; (ii) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Qatalyst Partners LP ("Qatalyst Partners"); and (iii) potential conflicts of interest faced by Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Everbridge stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Everbridge stockholders to vote on the Proposed Transaction is currently scheduled for April 25, 2024. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Everbridge's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Everbridge common stock.

10. Defendant Everbridge is a Delaware corporation, with its principal executive offices located at 25 Corporate Drive, Suite 400, Burlington, Massachusetts 01803. Everbridge's shares trade on the Nasdaq Global Market under the ticker symbol "EVBG."

11. Defendant David Henshall has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant David Benjamin has been a director of the Company at all relevant times.

13. Defendant Richard D'Amore has been a director of the Company at all relevant times.

14. Defendant Alison Dean has been a director of the Company at all relevant times.

15. Defendant Rohit Ghai has been a director of the Company at all relevant times.

16. Defendant Kent Mathy has been a director of the Company at all relevant times.

17.     Defendant Simon Paris has been a director of the Company at all relevant times.

18.     Defendant Sharon Rowlands has been a director of the Company at all relevant times.

19.     Defendant David Wagner has been President, Chief Executive Officer, and a director of the Company at all relevant times.

20.     Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

21.     Everbridge is a global software company that empowers resilience by leveraging intelligent automation technology to enable customers to anticipate, mitigate, respond to, and recover from critical events to keep people safe and organizations running.  During public safety threats including severe weather conditions, active shooter situations, terrorist attacks or a pandemic, as well as critical business events such as Information Technology ("IT") outages, cyber-attacks, product recalls or supply-chain interruptions, global customers rely on the Company's Critical Event Management ("CEM") platform to quickly and reliably aggregate and assess threat data, locate people at risk and responders able to assist, automate the execution of pre-defined communications processes through the secure delivery to a comprehensive range of different communication channels and devices, and track progress on executing response plans. Everbridge's CEM platform is comprised of a comprehensive set of software applications packaged for organizations to address five core use cases, safeguarding: Business Operations, People Resilience, Digital Operations, Smart Security, and Public Safety.  The Company's individual products address the full spectrum of tasks an organization requires to manage a critical

event, including Mass Notification, Safety Connection, IT Alerting, Risk Intelligence, Public

Warning, Community Engagement, Crisis Management, CareConverge, Control Center, Travel

Protector, SnapComms and E911.

**The Proposed Transaction**

22.     On March 1, 2024, Everbridge announced that it had entered into the Proposed

Transaction, stating, in relevant part:

> **BURLINGTON, Mass., March 1, 2024 –** Everbridge, Inc. (Nasdaq: EVBG)
> ("Everbridge"), a global leader in critical event management and national public
> warning solutions, and Thoma Bravo, a leading software investment firm, today
> announced that they have amended and restated the previously announced merger
> agreement, dated February 4, 2024. Under the terms of the amended and restated
> agreement, Thoma Bravo has increased the price at which it has agreed to acquire
> all outstanding shares of Everbridge to $35.00 per share in cash, or $6.40 per share
> higher the original transaction price.
>
> The per share purchase price consideration values Everbridge at approximately
> $1.8 billion and represents an approximately 62% premium to the Everbridge 90-
> day volume-weighted average share price as of February 2, 2024, the last trading
> day prior to the announcement of the original merger agreement.
>
> "We're pleased to have negotiated an even higher price for our shareholders," said
> David Henshall, Chairman and Lead Independent Director of the Everbridge Board
> of Directors. "The interest we received as part of the go-shop process is a testament
> to the exceptional company we've built, the significant value of our products for
> organizations all over the world, and Everbridge's long-term growth potential."
>
> **Transaction Terms**
>
> The original merger agreement with Thoma Bravo, dated February 4, 2024,
> included a "go-shop" period, which permitted the Everbridge Board and its
> advisors to actively initiate and solicit alternative acquisition proposals from certain
> third parties, as described in the original merger agreement with Thoma Bravo. In
> connection with the Company's "go-shop" activities, a third party proposed to
> acquire all outstanding shares of Everbridge at a higher price than the original
> transaction price. After acquisition proposals from such third party that the
> Everbridge Board of Directors determined to be superior proposals, Everbridge and
> Thoma Bravo entered into the amended and restated merger agreement providing
> for the price of $35.00 per share, which is higher than the prices offered by such
> third party in its proposals.

The transaction, which was approved by the Everbridge Board of Directors, is expected to close in the second calendar quarter of 2024, subject to customary closing conditions, including approval by Everbridge shareholders and the receipt of required regulatory approvals. The transaction is not subject to a financing condition.

Upon completion of the transaction, Everbridge common stock will no longer be listed on any public stock exchange. The Company will continue to operate under the Everbridge name and brand.

**Advisors**

Qatalyst Partners is serving as financial advisor and Cooley LLP is serving as legal counsel to Everbridge. Kirkland & Ellis LLP is serving as legal counsel to Thoma Bravo.

**The Materially Incomplete and Misleading Proxy Statement**

23.     On March 21, 2024, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that Everbridge stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) Everbridge's financial projections; (ii) the financial analyses underlying the fairness opinion provided by Qatalyst Partners; and (iii) Company insiders' potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning Everbridge's Financial Projections*

24.     The Proxy Statement fails to disclose material information concerning Everbridge's financial projections.

25.     For example, with respect to the "Company Projections," the Proxy Statement fails to disclose all line items underlying the calculation of: (i) Adjusted EBITDA; and (ii) Unlevered Free Cash Flow.

26.     Additionally, the Proxy Statement fails to disclose a summary of the assumptions underlying the "Company Projections" reviewed at the February 2, 2024, Board meeting, "including the assumptions underlying certain revenue growth estimates." Proxy Statement at 53.

27.     The Proxy Statement also fails to disclose a summary of the "Analyst Projections" for the Company utilized by Qatalyst Partners in connection with its financial analyses.

*Material Misrepresentations and/or Omissions Concerning Qatalyst Partners' Financial Analyses*

28.     The Proxy Statement fails to disclose material information concerning Qatalyst Partners' financial analyses.

29.     With respect to Qatalyst Partners' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; (ii) the inputs and assumptions underlying the discount rates ranging from 11.0% to 12.0%; (iii) the Company's cash and cash equivalents as of December 31 2023; (iv) the Company's debt, consisting of Everbridge's senior convertible notes due 2024 and 2026, as of December, 31, 2023; and (v) the Company's fully diluted outstanding shares.

30.     With respect to Qatalyst Partners' *Selected Companies Analysis*, the Proxy Statement fails to disclose: (i) the individual financial metrics of the companies observed; (ii) Everbridge's revenue for calendar year 2024 based on the "Analyst Projections;" (iii) Everbridge's calendar year 2024 Adjusted EBITDA based on the "Analyst Projections;" (iv) Everbridge's calendar year 2024 levered free cash flow based on both the "Company Projections" and the "Analyst Projections;" and (v) the Company's fully diluted outstanding shares.

31.     With respect to Qatalyst Partners' *Selected Transactions Analysis*, the Proxy Statement fails to disclose: (i) the individual financial metrics of the transactions observed; (ii) Everbridge's last-12-months' levered free cash flow; (iii) Everbridge's next-12 months' revenue

based on the "Analyst Projections;" (iv) Everbridge's next-12-months' adjusted EBITDA based on the "Analyst Projections;" (v) Everbridge's next-12-months' levered free cash flow based on the "Analyst Projections"; and (vi) the Company's fully diluted outstanding shares.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

32.   The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders.

33.   Specifically, the Proxy Statement fails to disclose whether any of Thoma Bravo's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

34.   In sum, the omission of the above-referenced information renders statements in the "Unaudited Prospective Financial Information," "Opinion of Qatalyst Partners LP," "Background of the Merger," and "Interests of Everbridge's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Everbridge will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

### CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Everbridge**

35.   Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Everbridge is liable as the issuer of these statements.

37.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

41.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

42.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

**Claims for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants**

43.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of Everbridge within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Everbridge and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

47.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Everbridge, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  April 2, 2024                                    **LONG LAW, LLC**

                                                        By   /s/ *Brian D. Long*
                                                        Brian D. Long (#4347)
                                                        3828 Kennett Pike, Suite 208
**OF COUNSEL:**                                         Wilmington, DE 19807
                                                        Telephone: (302) 729-9100
**ACOCELLI LAW, PLLC**                                  Email: BDLong@longlawde.com
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968                                   *Attorneys for Plaintiff*
Telephone: (631) 204-6187
Email: racocelli@acocellilaw.com